UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TYLER THACKER, on behalf of himself and all others similarly situated within the State of Louisiana,**<br><br> Plaintiff,<br><br>V.<br><br>**SOUTHERN FIDELITY INSURANCE COMPANY**<br><br> Defendant | **CIVIL ACTION: 21-CV-2313** |

## CLASS ACTION COMPLAINT

 Representative plaintiff Tyler Thacker (hereinafter referred to as "Plaintiff"), on behalf of himself and all others similarly situated within the State of Louisiana, files this Complaint against Southern Fidelity Insurance Company (hereinafter referred to as "Southern Fidelity" or "Defendant") and alleges the following:

### PARTIES

1. Plaintiff, Tyler Thacker, is a resident within this district and a citizen of the State of Louisiana.

2. Defendant, Southern Fidelity Insurance Company, which at all times, in reference to the allegations found herein, particularly from August 29, 2021, was/is a corporation duly organized and existing under of the State of Florida and transacting the business of insurance in the State of Louisiana and within this judicial district.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court under 28 U.S.C. § 1332(a) by virtue of the diversity of citizenship between Plaintiff and Southern Fidelity. The amount in controversy for Plaintiff and members of the class exceeds the sum of $75,000, exclusive of interest and costs. Jurisdiction is also proper under 28 U.S.C. § 1332(d).

4. Venue is proper in this district under 28 U.S.C. § 1391(a)(1)(2) by virtue of (i) the residence of Plaintiff in this district and (ii) that a substantial part of the events giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

5. At all times, relative to the claims of Plaintiff, and others similarly situated, Defendant, Southern Fidelity, marketed, solicited and sold policies of insurance to individuals, all of which purporting to provide insurance coverage for dwellings, personal property, as well as other coverages as may be found in its contracts.

6. Plaintiff, and others similarly situated, purchased policies of insurance from Defendant, paying the premium required by their contract, as well as abiding by all terms of their agreement with Defendant.

7. On or about August 29, 2021, southern Louisiana was devastated by Hurricane Ida, with the storm causing extensive damage to numerous Louisiana parishes, including severe damage to Terrebonne Parish, Jefferson Parish, Orleans Parish, Lafourche Parish, and St. John Parish, as well as other adjacent parishes.

8. Plaintiff, and others similarly situated, suffered damage to properties to which Defendant had provided coverage through policies of insurance, specifically, but not exclusively for the aforementioned hurricane.

9. Pursuant to Plaintiff's policy with Defendant, Plaintiff timely notified Defendant that he had a claim pursuant to the terms of his contract of insurance for his property located at 217 Holiday Drive, Houma, Louisiana 70364.

10. Plaintiff, on information and belief, is of the opinion that thousands of similarly situated insureds of Defendant also filed timely claims with Defendant.

11. Following Plaintiff's notification to Defendant on or about September 28, 2021, Defendant had Plaintiff's property inspected on September 25, 2021, at which date Defendant had satisfactory proof of loss.

12. Despite being in possession of satisfactory proof of loss of Plaintiff's property, Defendant has failed to pay or make a written offer to settle Plaintiff's timely filed claim within the thirty (30) days required by La R.S. 22:1892, and are in violation of this statute, thus Plaintiff is entitled to the penalties found in this law.

13. On information and belief, Plaintiff is of the opinion that thousands of similarly situated insureds of Defendant have also been subject to Defendant's failure to pay or make a written offer to settle timely filed claims within thirty (30) days required by La R.S. 22:1892, and therefore are entitled to penalties found in this statute.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings Count I as set forth below, on behalf of himself and as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of a class defined as:

    > Anyone who is present or past insureds of Southern Fidelity Insurance Company, and who, on or after August 29, 2021, provided notification of loss resulting from Hurricane Ida to Southern Fidelity Insurance Company notwithstanding whether a loss adjustment was initiated within thirty (30) days after notification of loss, whose claims were not followed by written offer to settle within thirty (30) days after receipt of satisfactory proof of loss.

Excluded from the class are Southern Fidelity and its affiliates, parents, subsidiaries, employees, officers, agents, and directors. Also excluded is any judicial officer pressing over this matter and the members of their immediate families and judicial staff.

15. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

16. **Numerosity**. The members of the class are so numerous that their individual joinder herein is impracticable. Upon information and belief, class members number in the thousands. The precise number of class members and their addresses are presently unknown to Plaintiffs, but may be ascertained form the records of Defendant. Class members may notified of the pendency of this action by mail, e-mail, interest postings, and/or publication.

17. **Commonality and Predominance**. Common questions of law and fact exist as to all class members and predominate over questions affecting only individual class members. Such common questions of law or fact include: (1) whether or not Defendant, or those acting on Defendant's behalf, breached their duty to adjust claims fairly and timely; (2) whether or not Defendant, or those acting on Defendant's behalf were in bad faith in their failure to make a written offer to settle any property damage claim within thirty (30) days after the receipt of satisfactory proof of loss of that claim; (3) whether Defendant owes penalties, pursuant to law, for Defendant's failure to timely make a written offer to settle any property damage claim within thirty (30) days after the receipt of satisfactory proof of loss of that claim.

18. Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff, on behalf of himself and the other class members. Similar or

identical statutory violations, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action.

19. **Typicality**. Plaintiff's claims are typical of the claims of the other class members because, among other things, all class members were comparably injured though Defendant's uniform conduct described above. Further, there are no defenses available to Defendant that are unique to Plaintiff.

20. **Adequacy of Representation**. Plaintiff is an adequate class representative because his interests do not conflict with the interests of the other class members he seeks to represent; he has retained counsel that are competent and experienced in complex class action litigation; and Plaintiff will prosecute this action vigorously. The class's interest will be fairly and adequately protected by Plaintiff and his counsel.

21. **Declaratory and Injunctive Relief**. Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the members of the class as a whole.

22. S**uperiority**. The handling of this matter as a class action is superior to any other available method for the fair and efficient adjudication of the controversy as: (1) the management of this class will not be difficult; (2) due to the similar nature of each claim, it would not be practical for each class member to pursue his/her claim without class certification; and (3) since this district is the location of numerous damaged properties insured by Defendant, venue is proper in the district.

## CLAIMS FOR RELIEF
### COUNT I – VIOLATION OF LA R.S. 22:1892

23. Plaintiff refers to the prior paragraphs of this Complaint and incorporate those paragraphs as though set forth in this cause of action.

24. Defendant's actions/inactions in failing to timely make a written offer to settle within thirty (30) days after receipt of satisfactory proof of loss to Plaintiff, as well as to those similarly situated, at all times material hereto, were with deliberate insensibility or disregard of the welfare of plaintiff and others similarly situated and further:

    (1) Were in bad faith;

    (2) Were a breach of the insurer's duty to adjust claims fairly and timely;

    (3) Were arbitrary or capricious, or without probable cause;

    (4) Were a breach of plaintiff's valid claim upon which insurance coverage was based; and

    (5) Were contrary to the interest of the insured;

25. As Defendant has breached its affirmative duty to adjust claims fairly and timely and to make a reasonable effort to settle claims with Plaintiff, and those similarly situated, Defendant is obligated to Plaintiff for the statutory penalties provided in La R.S. 22:1892.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment against Defendant as follows:

1. Declaring that Defendant breached their insurer's duty to adjust claims fairly and timely;

2. Declaring that Defendant is in violation of La R.S. 22:1892; and

3. Declaring that Defendant owes statutory penalties as provided in La R.S. 22:1892 unto Plaintiffs;

That Plaintiff further be awarded damages as follows:

4. Statutory penalties pursuant to La R.S. 22:1892 for breach of Defendant's duty to make a written offer to settle timely;

5. For costs and attorneys' fees incurred in the prosecution of this suit;

6. For such further relief as this Honorable Court deems just, necessary and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

Respectfully Submitted:

*/s/ Ryan P. Monsour*

_____
PRESTON L. HAYES (#29898)
RYAN P. MONSOUR (#33286)
BARRY W. SARTIN JR. (#34075)
*HMS Law Firm*
3850 N. Causeway Blvd., Ste. 590
Metairie, Louisiana 70001
Telephone: (504) 356-0110
Facsimile: (504) 356-0106

-AND-

DAVID W. ARDOIN (#24282)
MATTHEW D. ORY (#31906)
*AMO Trial Lawyers*
114 Laura Drive, Suite D
Thibodaux, Louisiana 70301
Telephone: (985) 446-3333
Facsimile: (985) 446-3300

*Summons Requested*